**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DEMARKCO CHAMBERS,**<br><br>**Defendant.** | **Case No. 26-CR-011 (TJK)** |

**GOVERNMENT'S STATEMENT OF OFFENSES**
**IN SUPPORT OF GUILTY PLEA**

## I. Elements of the Offenses

The essential elements of Count 1 as to each docket, Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, each of which the Government must prove beyond a reasonable doubt are:

1. Demarkco Chambers possessed a firearm;
2. He did so voluntarily and on purpose and not by mistake or accident;
3. At the time Demarkco Chambers possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year;
4. At the time Demarkco Chambers possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and
5. The possession of the firearm was in or affecting commerce, usually because the firearm had traveled in interstate or foreign commerce at some point in its existence.

## II. Penalties for the Offense

The penalties for Count 1, in violation of 18 U.S.C. § 922(g), are as follows

- A maximum term of imprisonment of 15 years imprisonment;
- A fine not to exceed $250,000;
- A term of supervised release of not more than 3 years;
- A special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would have proven the following:

On December 20, 2025, officers with the Metropolitan Police Department, working alongside officers with the District of Columbia Housing Authority and federal law enforcement agencies conducted a traffic stop on the 1800 block of Martin Luther King Jr Avenue SE. Officers observed the Defendant, Demarko Chambers, in the front passenger seat of the vehicle. Officers asked all occupants in the vehicle to exit the vehicle, at which time one of the officers observed what appeared to be a hard object protruding downward in his crotch area that was not consistent with that of the human anatomy.

Officers patted down the object and determined that the object was consistent with the shape and feel of a firearm.

Officers searched the Defendant's pants and found a silver and black .40 caliber semi-automatic Taurus Millennium G2 PT140 firearm, serial number SJZ17605, tucked into the Defendant's waistband. The firearm was loaded with one round in the chamber and seven rounds in the magazine.

The Defendant was previously convicted in the Superior Court of the District of Columbia of Unlawful Possession of a Firearm in 2016-CF2-19822 and Carrying a Pistol Without a License

in 2016-CF2-4911, offenses punishable by greater than one year of incarceration, and the Defendant knew of said convictions.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which he is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Travis Wolf*
TRAVIS WOLF
Assistant United States Attorney
N.Y. Bar No. 5483243
United States Attorney's Office
601 D. Street, NW
Washington, DC 20530
(202) 803-1670
Travis.Wolf@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 3/16/2026

**Demarkco Chambers**

**ATTORNEY'S ACKNOWLEDGMENT**

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 3/16/2026

**Ubong Akpan**
Attorney for Defendant